UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANE C. LUDDITT-POEHL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CAPITAL ONE AUTO FINANCE, INC. <br><br> Defendant. | Case No. 4:06CV888 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings, [Doc. No. 34]. Plaintiff opposes the motion and has filed a written response thereto. Defendant filed its reply and the matter is therefore fully briefed. For the reasons set forth below, the Motion is granted.

### Facts and Background

Plaintiff's Complaint alleges that in April, 2006, she received in the mail promotional letters from Defendant, which Plaintiff has attached to the Complaint. Plaintiff claims that she did not authorize any credit reporting agency to provide any information about her to Defendant, and that she did not authorize Defendant to obtain any information about her. The Complaint further alleges that Defendant's

letters state that Defendant accessed Plaintiff's credit report without authorization, and that this violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-81x. (FCRA). According to the Complaint, Defendant's letters do not contain a "firm offer of credit" and as such, Defendant's letters do not fall within any exceptions to the FCRA's requirements that Defendant be authorized to access Plaintiff's information.

Specifically, the letters addressed to Plaintiff provided, *inter alia*, that she was pre-approved to receive auto financing up to $30,000, with a minimum financed amount of $10,000, subject to FCRA-approved conditions.

## **Motion For Judgment on the Pleadings Standard**

Rule 12(c) provides that, after the pleadings are closed but a reasonable time prior to trial, a party may move for judgment on the pleadings. On this motion, a court applies the same standard of review as for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990).

On May 21, 2007, the Supreme Court determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, ----, 127 S.Ct. 1955, 1969 (May 21, 2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle

[ment] to relief,'" the Supreme Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974.  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  The Supreme Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.*  On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).  "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations.  *Id.* at 1966.

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true.  *Id.* at 1965, and must consider those facts in the light most favorable to the non-moving party.  *Krentz v. Robertson Fire Protection District,* 228 F.3d 897, 905 (8th Cir. 2000).  All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).  A complaint should not be dismissed "merely because the court doubts that a plaintiff

will be able to prove all of the necessary factual allegations." *Krentz*, 228 F.3d at 905. "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). The Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c).

## **Discussion**

When interpreting the applicable FCRA provisions, the language and design of the statute must be kept in mind. *Milwaukee Gun Club v. Schulz,* 979 F.2d 1252, 1255 (7th Cir. 1992). The FCRA is designed to preserve the consumer's privacy in the information maintained by the consumer reporting agencies. 15 U.S.C. § 1681(a)(4). Specifically, FCRA prohibits businesses and other entities from obtaining information from the consumer's credit report if the consumer did not initiate the transaction and if a permissible purpose does not exist. 15 U.S.C. § 1681b. One permissible purpose is obtaining a credit report for the purpose of making a "firm offer of credit." 15 U.S.C. § 1681b (c)(1)(B)(I).

The FCRA defines a "firm offer of credit" as "any offer of credit or insurance to a consumer that will be honored if the consumer is determined, based on

information in a consumer report on a consumer, to meet specific criteria used to select the consumer for the offer." 15 U.S.C. § 1681a(1).

In determining "whether the offer of credit comports with the statutory definition, a court must consider the entire offer and the effect of all the material conditions that comprise the credit product in question. If, after examining the entire context, the court determines that the 'offer' was a guise for solicitation rather than a legitimate credit product, the communication cannot be considered a firm offer of credit." *Perry v. First National Bank,* 459 F.3d 816, 824 (7th Cir.2006) (citations omitted).

Plaintiff complains that the letters sent by Defendant violates the FCRA because they do not include the specific amount of credit being extended; they do not include any interest rate for the credit; they do not contain the amortization period of the credit; and they do not include the method under which the interest on the credit will be computed. None of these terms, however, are required in order to determine whether the letter qualifies as a "firm offer of credit" under the FCRA.

As the Court has previously discussed,[1] although the Eighth Circuit Court of Appeals has yet to rule on the issue of what constitutes a "firm offer of credit," this

---

[1] See, *Klutho v. G.E. Money Bank*, Cause Number 4:06CV1319 HEA and *Klutho v. Shenandoah Valley National Bank,* Cause Number 4:06CV1317 HEA, and *Klutho v. Corinthian Mortgage Corp.*, Cause Number 4:06CV807 HEA.

Court has had occasion to do so. Beginning with *Pohl v. Countrywide Home Loans*, Cause Number 4:06CV928 CDP and *Klutho v. Home Loan Center, Inc.*, Cause Number 4:06CV1212 CDP, Judge Perry thoroughly analyzed the available law regarding what constitutes a "firm offer of credit." Judge Perry concluded, based on this body of developing law, that in order to determine whether the offer is distinguishable from a sales pitch, it must contain something of value, or more than nominal value. See also, *McDonald v. Nelnet, Inc.*, No. 4:06CV1599 CDP, 2007 WL 646133, at *4 (E.D. Mo. Feb. 23, 2007).

Plaintiff recognizes that the Court has previously addressed the issues herein, however she now urges the Court to reconsider those rulings, and further argues that the mailer does not satisfy the requirements of an "offer" under federal common law. The Court declines to reconsider its previous rulings for the reasons set forth therein. The Court further finds that it is not required to engage in an analysis of whether the mailer constitutes a valid "offer" under common law. The issue before the Court is whether the mailer falls within the parameters of a "firm offer of credit" as defined by the FCRA.

The FCRA specifically defines a "firm offer of credit" as "any offer of credit. . .that will be honored if the consumer is determined, based on information in a consumer report on the consumer, to meet the specific criteria used to select the

consumer for the offer." 15 U.S.C. § 1681a(1).

Although the letters do not specifically contain certain items Plaintiff claims must be included, the letters do offer something of value, *i.e.*, auto financing up to $30,000.00, with a minimum financing of $10,000.00, which is more than a nominal amount. A reasonable consumer viewing these mailers would believe that they contain some value, *i.e.*, the amount of credit to be extended. Thus, even absent a *specific* amount of money, the consumer can determine from these letters that if all other conditions are met, the consumer will be extended a minimum of $10,000.00.

Based on the Court's previous rulings and the reasoning contained therein, the letter in question offers something of value and is therefore a firm offer of credit. As such, the letters do not run afoul of the FCRA. The Motion for Judgment on the Pleadings will therefore be GRANTED.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings, [Doc. No. 34], is granted and this matter is DISMISSED.

Dated this 21st day of August, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] Having found the letter to constitute a firm offer of credit, the Court need not address Plaintiff's argument that Defendant willfully violated the FCRA